**Luis Arturo PARRA CAMACHO, a.k.a. Luis Camacho Parra, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74249.

United States Court of Appeals, Ninth Circuit.

July 11, 2012.

Michael Franquinha, Aguirre Law Group APC, Phoenix, AZ, for Petitioner.

Joseph D. Hardy, Jr., Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.*

* Following the death of Judge Beezer, Judge Clifton was drawn to replace Judge Beezer on the panel.

MEMORANDUM **

Luis Arturo Parra Camacho petitions for review of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's denial of cancellation of removal under 8 U.S.C. § 1229b(a). In our original decision, we relied on *Mercado–Zazueta v. Holder*, 580 F.3d 1102 (9th Cir.2009), to hold that Parra Camacho could impute his stepfather's legal status to himself to meet the five-year lawful permanent residence requirement under 8 U.S.C. § 1229b(a)(1). We therefore granted the petition for review. *Camacho v. Holder*, 412 Fed.Appx. 32 (9th Cir.2011) (unpublished). The Supreme Court granted certiorari, vacated our decision, and remanded for reconsideration in light of *Holder v. Martinez Gutierrez*, —— U.S. ——, 132 S.Ct. 2011, 2017, 182 L.Ed.2d 922 (2012). *See Holder v. Camacho*, —— U.S. ——, 132 S.Ct. 2679, 183 L.Ed.2d 42 (2012).

Because *Mercado–Zazueta* is no longer valid precedent on the issue of imputation under 8 U.S.C. § 1229b, *see Sawyers v. Holder*, 684 F.3d 911(9th Cir.2012) (per curiam), we now reject Parra Camacho's imputation argument concerning his stepfather's lawful permanent residence.

As the parties do not dispute that Parra Camacho, on his own, lacks the requisite lawful permanent residence, we uphold the BIA's decision to deny cancellation of removal.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).